UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| ANNIE JOHNS | CIVIL ACTION NO. 05-1780 |
| versus | JUDGE STAGG |
| MISAEL M. GONZALEZ, ET AL. | MAGISTRATE JUDGE HORNSBY |

---

**MEMORANDUM ORDER**

Annie Johns ("Plaintiff") filed suit in state court against two individuals and three companies for damages associated with injuries she allegedly suffered in a traffic accident. Plaintiff alleges in her petition that the defendant driver unexpectedly began backing up a vehicle on Ellerbe Road and struck the front of Plaintiff's car. Plaintiff alleges that she was forced to seek unspecified medical care and sustained "various injuries." She does not pray for any particular amount of damages.

Two of the defendants filed a notice of removal based on an assertion of diversity jurisdiction. The facts set forth in the notice are woefully inadequate with respect to both the citizenship of the parties and the amount in controversy. The removing parties will be permitted until **November 21, 2005** to file an **Amended Notice of Removal** to address the deficiencies. If the removing parties do not meet their burden of presenting facts that establish a basis for the exercise of diversity jurisdiction, the case may be remanded without further notice.

Paragraph 4 of the Notice of Removal contains the only allegations with respect to the facts that are necessary to establish diversity jurisdiction. With respect to citizenship, the removing parties allege only: "Defendants submit that plaintiff is a resident of the State of Louisiana, and none of the defendants are residents of the State of Louisiana." It is domicile rather than mere residency that decides citizenship for diversity purposes. "It is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984).

It is also insufficient to allege in a conclusory fashion that the parties are diverse or that none of the defendants are citizens of Louisiana. The burden is on the removing parties, and to meet it they must allege with particularity the citizenship of all parties. The rules were set forth above for individuals. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To adequately establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001); Getty Oil Corp. v. Insurance Company of North

America, 841 F.2d 1254, 1259 (5th Cir. 1988).

The Notice of Removal is joined in by only two defendants, and the other defendants are mentioned as being unserved and unrepresented. If a defendant has not been served, he need not join in the notice of removal, but his citizenship must nonetheless be pleaded to establish jurisdiction. Diversity in a removal case is determined from the fact of citizenship of the parties *named* and not from the fact of service. New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 883 (5th Cir. 1998).

With respect to the amount in controversy, the Notice of Removal contains only a conclusory assertion that it exceeds $75,000. In a removed case, the removing defendant has the burden of showing that the amount in controversy element of diversity jurisdiction is satisfied. In determining whether the defendant has met that burden, the court may look to the plaintiffs' pleadings to see whether it is facially apparent that the claims are for more than $75,000. The removing attorney may also support jurisdiction by setting forth the facts in controversy, either in the notice of removal or by affidavit, that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

It is not facially apparent from the petition that more than $75,000 is in controversy. There is no description of the injuries claimed by Plaintiff beyond her assertion that she suffered "various injuries," and there is no indication of the nature, duration or expense of the medical care Plaintiff claims to have received. The removing parties will have to come

forward with specific facts if they wish to sustain their burden under the rules set forth in cases such as Simon, supra. If the removing parties do not possess such facts, they should not have removed the case so quickly. When a petition such as the one in this case does not affirmatively reveal on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount for federal court, the 30-day removal period does not commence. Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir. 1992).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 1st day of November, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE